**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RAMEY S. BUTLER** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | **SECTION "___" (___)** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **TRANSOCEAN OFFSHORE DEEPWATER** | * | |
| **DRILLING INC., TRANSOCEAN** | * | **MAGISTRATE:** |
| **DEEPWATER, INC., TRANSOCEAN, INC.** | * | |
| **and TRANSOCEAN, LTD.** | * | **JURY TRIAL REQUESTED** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORIGINAL COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, RAMEY S. BUTLER, who respectfully represents:

**I. PARTIES**

1. At all times relevant herein, Plaintiff, RAMEY S. BUTLER, was an employee of Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., and was a seaman and member of the crew of the vessel Discoverer Inspiration or fleet of vessels owned and/or operated by the Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD.

2. Upon information and belief, Defendant, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., is a corporation domiciled in the State of Delaware with its principle place of business in Texas, which entity, at all times pertinent hereto, was doing

business in the State of Louisiana and, further, is the owner and/or operator of the vessel and/or fleet of vessels involved herein and was the employer of Plaintiff, RAMEY S. BUTLER, at the time of the incident involved herein.

3. Upon information and belief, Defendant, TRANSOCEAN DEEPWATER, INC., is a company domiciled in the State of Delaware with its principle place of business in Texas, which entity, at all times pertinent hereto, was doing business in the State of Louisiana and, further, is the owner and/or operator of the vessel and/or fleet of vessels involved herein, and was the employer of Plaintiff, RAMEY S. BUTLER, at the time of the incident involved herein.

4. Upon information and belief, Defendant, TRANSOCEAN, INC., is a company domiciled in the State of Delaware with its principle place of business in Texas, which entity, at all times pertinent hereto, was doing business in the State of Louisiana and, further, is the owner and/or operator of the vessel and/or fleet of vessels involved herein, and was the employer of Plaintiff, RAMEY S. BUTLER, at the time of the incident involved herein.

5. Upon information and belief, Defendant, TRANSOCEAN, LTD., is a company domiciled in the State of Delaware with its principle place of business in Switzerland, which entity, at all times pertinent hereto, was doing business in the State of Louisiana and, further, is the owner and/or operator of the vessel and/or fleet of vessels involved herein, and was the employer of Plaintiff, RAMEY S. BUTLER, at the time of the incident involved herein.

## II. JURISDICTION AND VENUE

6. Plaintiff, RAMEY S. BUTLER, brings this Civil Action under the Jones Act, 46 USC Section 30104 et seq. , with pendent and/or ancillary state claims and/or alternative claims under the General Maritime Law and Louisiana Civil Code Article 2315. Jurisdiction exists in this Honorable Court pursuant to the Jones Act, and/or 28 U.S.C. Section 1331 and/or 28 U.S.C. Section 1332 and pendant and ancillary jurisdiction regarding Plaintiff's state law claims.

7. Plaintiff is a citizen of the United States and is a resident of the State of Louisiana. The amount in controversy exceeds SEVENTY-FIVE THOUSAND & NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

8. TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC. is subject to the in personam jurisdiction of this Court because it does sufficient business in the State of Louisiana and within this federal district to confer same, and, at all relevant times hereto, it was engaged in commerce, both in this federal district and the State of Louisiana, with respect to the activities and claims which are the subject of this litigation.

9. TRANSOCEAN DEEPWATER, INC. is subject to the in personam jurisdiction of this Court because it does sufficient business in the State of Louisiana and within this federal district to confer same, and, at all relevant times hereto, it was engaged in commerce, both in this federal district and the State of Louisiana, with respect to the activities and claims which are the subject of this litigation.

10. TRANSOCEAN, INC. is subject to the in personam jurisdiction of this Court because it does sufficient business in the State of Louisiana and within this federal district to confer same, and, at all relevant times hereto, it was engaged in commerce, both in this federal district and the State of Louisiana, with respect to the activities and claims which are the subject of this litigation.

11. TRANSOCEAN, LTD is subject to the in personam jurisdiction of this Court because it does sufficient business in the State of Louisiana and within this federal district to confer same, and, at all relevant times hereto, it was engaged in commerce, both in this federal district and the State of Louisiana, with respect to the activities and claims which are the subject of this litigation.

12. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. 391(b), because a substantial part of the events or omission giving rise to the Plaintiff's claims occurred within fifty miles of the coast of Louisiana and because Plaintiff was transported from the vessel to a medical clinic within this Court's district.

### III.  FACTS AND GENERAL ALLEGATIONS

13. At all times relevant herein, Plaintiff, RAMEY S. BUTLER, was employed by Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., in the capacity of a roustabout and was working within the course and scope of his employment.

14. On or about March 24, 2010, during the course and scope of Plaintiff's employment as a seaman and member of the crew of the vessel Discoverer Inspiration owned

and/or operated by Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., in navigable waters, Plaintiff, through the negligence of Defendant(s), and/or through the unseaworthiness of the vessel, was caused to sustain injuries to his mind and body, including, but not limited to, his back, spine and left leg, having been required by Defendant(s) to carry high-pressure water hoses up and down stairwells and to and from various decks due to Defendant(s) failure to provide safe and sufficient gear and/or appurtenances with which to perform his duties, and other negligent conduct by Defendant(s) which may be shown at time of trial.  Plaintiff requests that Defendants preserve all appropriate evidence regarding the claim and produce the vessel involved, Discoverer Inspiration, as well as the appurtenances, equipment, and/or logs and records.

15. As a result of this occurrence, Plaintiff, RAMEY S. BUTLER sustained severe injuries, the extent of which to date are not yet fully known, to his back, spine and left leg, which injuries have required, and will continue to require for some time in the foreseeable future, extensive medical treatment, including, but not limited to, surgical intervention.

16. At all times relevant hereto, Plaintiff, RAMEY S. BUTLER, was employed by Defendant(s)  to perform work on the vessel Discoverer Inspiration and/or fleet of vessels owned and/or operated by Defendant(s) and said Defendant(s) owed Plaintiff a non-delegable duty to provide a safe place to work and/or a safe and seaworthy vessel, which duties were breached in the incident sued upon herein

through the negligence of Defendants, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., their agents or employees, and/or through the unseaworthiness of the vessel or vessels involved herein.

### IV.  FIRST COUNT

17. Plaintiff, RAMEY S. BUTLER, brings this action against the Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., under the provisions of the statutes of the United States, more particularly the Jones Act, Title 46 §30104 et seq.  of the United States Code.

18. Under the Jones Act, the Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., owed Plaintiff a safe place to work, which duty was violated through the negligence of Defendants, its officers, agents and/or employees and this violation had a causal relationship to Plaintiff's injuries.

### V.  SECOND COUNT

19. Plaintiff, RAMEY S. BUTLER,  reiterating and realleging each and every preceding allegation, additionally and/or alternatively alleges that Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., are liable unto Plaintiff under the General Maritime Law for negligence, and/or for a breach of the warranty of seaworthiness, extending to the vessel and/or vessels involved herein,

including its crew, gear, and appurtenances.

20. Plaintiff further contends that the vessel Discoverer Inspiration was unseaworthy including, but not limited to, failure to provide Plaintiff with a safe place to work, failure to properly train Plaintiff, failure to provide safe and sufficient gear and/or appurtenances with which to perform his duties, failure to provide proper safety equipment and/or failure to provide a sufficient and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, all of which proximately caused the injuries sustained by Plaintiff.

## VI. THIRD COUNT

21. While realleging and reiterating each and every allegation made herein above, Plaintiff, RAMEY S. BUTLER, additionally and/or alternatively alleges that Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., are liable for negligence under the General Maritime Law, which negligence caused Plaintiff's injuries.

22. Prior to Plaintiff's injuries in the incident sued upon herein, Plaintiff was at work and actually performing work on the vessel Discoverer Inspiration for his employer, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., and earning wages and, subsequent to the injuries sued upon herein, Plaintiff was obliged to seek medical attention, to suffer loss and impairment of his earning capacity, to suffer physical and mental pain and suffering and permanent disability, particularly,

but not limited to, his back, spine and other parts of his body, caused by the incident sued upon herein as set out herein above.

23. Plaintiff specifically alleges the doctrine of res ipsa loquitur is applicable in this case.

### VII.  **FOURTH COUNT**

24. While realleging and reiterating each and every allegation made herein above, Plaintiff, RAMEY S. BUTLER, additionally and/or alternatively alleges that Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., are liable for negligence under Louisiana Civil Code Article 2315, which negligence caused Plaintiff's injuries, and all other laws, statutes, industry customs and regulations applicable to this case.

25. Plaintiff further contends that Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., were negligent and responsible for all damages claimed herein with the limitations provided by law, in the following nonexclusive particulars:

   (a)   Failure to provide Plaintiff with a safe place to work;

   (b)   Failure to provide Plaintiff with safe and sufficient gear and/or appurtenances with which to perform his duties;

   (c)   Failure to provide Plaintiff with proper safety equipment ;

   (d)   Failure to provide Plaintiff with a sufficient and or competent crew to supervise Plaintiff's activities;

    (e)    Failure to provide Plaintiff with a sufficient and or competent crew to assist Plaintiff with his duties;

    (f)    Failure to properly train Plaintiff and the crew; and

    (f)    Other acts or omissions which will be proven at the trial of this matter.

## VIII.  DAMAGES

26.    Plaintiff, RAMEY S. BUTLER, while reiterating and realleging each and every allegation made herein above, additionally alleges:

Plaintiff, RAMEY S. BUTLER, by virtue of the injuries sustained in the incident sued upon herein, has sustained damages, for which Defendants are liable, as follows:

| | | |
|---|---|---|
| a. | Loss of wages, past | $150,00.00 |
| b. | Loss of future earning capacity | $500,000.00 |
| c. | Medical expenses, future | $500,000.00 |
| d. | Physical pain and suffering, past | $150,000.00 |
| e. | Physical pain and suffering, future | $250,000.00 |
| f. | Mental pain and suffering, past | $150,000.00 |
| g. | Mental pain and suffering, future | $350,000.00 |
| h. | Permanent disability | $250,000.00 |
| I. | Loss of enjoyment of life | <u>$500,000.00</u> |
| | TOTAL | $2,800,000.00 |

27.    Plaintiff, RAMEY S. BUTLER , as set out herein above, was injured while performing work as a seaman and member of the crew of the vessel Discoverer Inspiration in the employment of Defendant(s), TRANSOCEAN OFFSHORE DEEPWATER

DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and/or TRANSOCEAN, LTD., and sustained injuries complained of in the service of the vessel so as to be entitled to maintenance and cure, both past and future, until such time as Plaintiff has in fact reached maximum cure.

### IX.  JURY DEMAND

28. Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

### X.  PRAYER FOR RELIEF

29. WHEREFORE, Plaintiff prays for a trial by jury and for judgment herein against Defendants, TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC., TRANSOCEAN DEEPWATER, INC., TRANSOCEAN, INC. and TRANSOCEAN, LTD., for damages as are reasonable in the premises and for all costs of these proceedings.

Plaintiff further prays for all general and equitable relief.

All of which is respectfully submitted,

_____
HUGH P. LAMBERT, T.A.  (LA Bar #7933)
CANDICE C. SIRMON (LA Bar #30728)
CAYCE C. PETERSON (LA Bar #32217)
LAMBERT & NELSON, P.L.C.
701 Magazine Street
New Orleans, LA 70130
Telephone:  (504) 581-1750
*Counsel for Plaintiff, RAMEY S. BUTLER*

OF COUNSEL
L. JOSEPH MENG, III (LA Bar #14858)
205 A South Broadway Street
Natchez, MS 39120
Telephone: (601) 445-8111

**PLEASE SERVE:**

**TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.**
Through its registered agent for service of process
4 Greenway Plaza
Houston, Texas 77046

*-and-*

**TRANSOCEAN DEEPWATER, INC.**
Through its registered agent for service of process
4 Greenway Plaza
Houston, Texas 77046

*-and-*

**TRANSOCEAN, INC.**
Through its registered agent for service of process
4 Greenway Plaza
Houston, Texas 77046

*-and-*

**TRANSOCEAN, LTD.**
Through its registered agent for service of process
4 Greenway Plaza
Houston, Texas 77046